# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
### (Kansas City Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     Plaintiff,<br><br>  v.<br><br>**FNU LNU**<br>   a.k.a. Pelon<br>   a.k.a. Floyed Portillo<br>   a.k.a. Saul,<br>**LUIS CHAVEZ**<br>   a.k.a. Cheves,<br>**JESUS GERARDO PADILLA**<br>   a.k.a. Evaristo Rojas-Estrada<br>   a.k.a. Negro,<br>**FNU LNU**<br>   a.k.a. Parral<br>   a.k.a. Parralito,<br>**FNU LNU**<br>   a.k.a. Mayito<br>   a.k.a. Mayo<br>   a.k.a. Mario<br>   a.k.a. Carlos,<br>**JULIO CALZADA**<br>   a.k.a. Doc,<br>**DIANA CALZADA,**<br>**ISMAEL ENAMORADO,**<br>**RODOLFO ZAMBRANO**<br>   a.k.a. Rudy,<br>   and<br>**JORGE CADENA-FRANKLIN**<br>   a.k.a. Gordito,<br><br>          Defendants. | Case No. 17-20074-JAR/JPO<br><br>FILED UNDER SEAL |

## **INDICTMENT**

The Grand Jury charges:

## COUNT 1

Commencing on or about January 1, 2014, the exact date being unknown, and continuing to on or about August 14, 2017, in the District of Kansas and elsewhere, the defendants,

**FNU LNU**
**a.k.a. Pelon**
**a.k.a. Floyed Portillo**
**a.k.a. Saul,**
**LUIS CHAVEZ**
**a.k.a. Cheves,**
**JESUS GERARDO PADILLA**
**a.k.a. Evaristo Rojas-Estrada**
**a.k.a. Negro,**
**FNU LNU**
**a.k.a. Parral**
**a.k.a. Parralito,**
**FNU LNU**
**a.k.a. Mayito**
**a.k.a. Mayo**
**a.k.a. Mario**
**a.k.a. Carlos,**
**JULIO CALZADA**
**a.k.a. Doc,**
**DIANA CALZADA,**
**ISMAEL ENAMORADO,**
**RODOLFO ZAMBRANO**
**a.k.a. Rudy,**
**and**
**JORGE CADENA-FRANKLIN**
**a.k.a. Gordito,**

knowingly and intentionally conspired and agreed with each other, and with others known and unknown, to distribute and possess with intent to distribute cocaine and marijuana, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

### QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

With respect to defendants FNU LNU a.k.a. Pelon a.k.a. Floyed Portillo a.k.a. Saul, LUIS CHAVEZ a.k.a. Cheves, JESUS GERARDO PADILLA a.k.a. Evaristo Rojas-Estrada a.k.a.

Negro, FNU LNU a.k.a. Parral a.k.a. Parralito, FNU LNU a.k.a. Mayito a.k.a. Mayo a.k.a. Mayo a.k.a. Carlos, JULIO CALZADA a.k.a. Doc, DIANA CALZADA, JORGE CADENA-FRANKLIN a.k.a. Gordito, their conduct as members of the cocaine conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved more than five kilograms of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

With respect to defendants ISMAEL ENAMORADO and RODOLFO ZAMBRANO a.k.a. Rudy, their conduct as members of the cocaine conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved 500 grams or more of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

### QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

With respect to the defendants FNU LNU a.k.a. Pelon a.k.a. Floyed Portillo a.k.a. Saul, LUIS CHAVEZ a.k.a. Cheves, JESUS GERARDO PADILLA a.k.a. Evaristo Rojas-Estrada a.k.a. Negro, FNU LNU a.k.a. Parral a.k.a. Parralito, FNU LNU a.k.a. Mayito a.k.a. Mayo a.k.a. Mayo a.k.a. Carlos, JULIO CALZADA a.k.a. Doc, DIANA CALZADA, and JORGE CADENA-FRANKLIN a.k.a. Gordito, their conduct as members of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved more than 100 kilograms of marijuana, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT 2

On or about March 5, 2015, in the District of Kansas, the defendant,

**LUIS CHAVEZ**
**a.k.a. Cheves,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 3

On or about March 18, 2015, in the District of Kansas, the defendant,

**JESUS GERARDO PADILLA**
**a.k.a. Evaristo Rojas-Estrada,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 4

On or about December 12, 2016, in the District of Kansas, the defendant,

**DIANA CALZADA,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 5

On or about February 7, 2017, in the District of Kansas, the defendant,

**FNU LNU**
**a.k.a. Mayito**
**a.k.a. Mayo**
**a.k.a. Mario**
**a.k.a. Carlos,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

On or about April 24, 2017, in the District of Kansas, the defendant,

**FNU LNU**
**a.k.a. Pelon**
**a.k.a. Floyed Portillo**
**a.k.a. Saul,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 7

On or about April 27 and April 28, 2017, in the District of Kansas and elsewhere, the defendants,

**FNU LNU**
**a.k.a. Pelon**
**a.k.a. Floyed Portillo**
**a.k.a. Saul,**

and
**JULIO CALZADA**
**a.k.a. Doc,**

knowingly and intentionally attempted to transport funds, that is $99,840.00 in United States currency, from a place in the United States, that is Kansas City, Kansas, to a place outside the United States, that is Mexico, with the intent to promote the carrying on of a specified unlawful activity, that is distribution and possession with intent to distribute cocaine and marijuana, controlled substances.

This was in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

## COUNT 8

On or about April 26 through April 28, 2017, in the District of Kansas and elsewhere, the defendants,

**FNU LNU**
**a.k.a. Pelon**
**a.k.a. Floyed Portillo**
**a.k.a. Saul,**
**FNU LNU**
**a.k.a. Parral**
**a.k.a. Parralito,**
**FNU LNU**
**a.k.a. Mayito**
**a.k.a. Mayo**
**a.k.a. Mario**
**a.k.a. Carlos,**
**and**
**JORGE CADENA-FRANKLIN**
**a.k.a. Gordito,**

knowingly and intentionally possessed with intent to distribute more than 500 grams of cocaine, a controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 9

On or about April 30 and May 1, 2017, in the District of Kansas, the defendants,

**FNU LNU
a.k.a. Pelon
a.k.a. Floyed Portillo
a.k.a. Saul,
FNU LNU
a.k.a. Parral
a.k.a. Parralito,
and
FNU LNU
a.k.a. Mayito
a.k.a. Mayo
a.k.a. Mario
a.k.a. Carlos,**

knowingly and intentionally possessed with intent to distribute more than 500 grams of cocaine, a controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 10

On or about May 3, 2017, in the District of Kansas, the defendant,

**FNU LNU
a.k.a. Pelon
a.k.a. Floyed Portillo
a.k.a. Saul,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b).

## COUNT 11

On or about May 31, 2017, in the District of Kansas, the defendants,

**FNU LNU
a.k.a. Pelon
a.k.a. Floyed Portillo
a.k.a. Saul,
FNU LNU
a.k.a. Parral
a.k.a. Parralito,
FNU LNU
a.k.a. Mayito
a.k.a. Mayo
a.k.a. Mario
a.k.a. Carlos,
ISMAEL ENAMORADO,
and
RODOLFO ZAMBRANO
a.k.a. Rudy,**

knowingly and intentionally possessed with intent to distribute more than 500 grams of cocaine, a controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 12

On or about May 31, 2017, in the District of Kansas, the defendant,

**ISMAEL ENAMORADO,**

knowingly possessed a 9mm CZ pistol, model CZ75 P-09, with serial number B690277, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute more than 500 grams of cocaine, as charged in Count 11.

This was in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 13

On or July 7, 2017, in the District of Kansas and elsewhere, the defendants,

**FNU LNU
a.k.a. Pelon
a.k.a. Floyed Portillo
a.k.a. Saul,
and
FNU LNU
a.k.a. Parral
a.k.a. Parralito,**

knowingly and intentionally attempted to transport funds, that is $64,980.00 in United States currency, from a place in the United States, that is Kansas City, Kansas, to a place outside the United States, that is Mexico, with the intent to promote the carrying on of a specified unlawful activity, that is distribution and possession with intent to distribute cocaine and marijuana, controlled substances.

This was in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION I

The allegations contained in Counts 1 through 6 and 8 through 11 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 21, United States Code, Section 853. As a result of the commission of the violations charged in Counts 1 through 6 and 8 through 11 of this Indictment, and upon conviction of one or more of these offenses, the defendants,

**FNU LNU
a.k.a. Pelon
a.k.a. Floyed Portillo
a.k.a. Saul,
LUIS CHAVEZ
a.k.a. Cheves,
JESUS GERARDO PADILLA**

9

>a.k.a. Evaristo Rojas-Estrada
>a.k.a. Negro,
>FNU LNU
>a.k.a. Parral
>a.k.a. Parralito,
>FNU LNU
>a.k.a. Mayito
>a.k.a. Mayo
>a.k.a. Mario
>a.k.a. Carlos,
>**JULIO CALZADA**
>a.k.a. Doc,
>**DIANA CALZADA,**
>**ISMAEL ENAMORADO,**
>**RODOLFO ZAMBRANO**
>a.k.a. Rudy,
>and
>**JORGE CADENA-FRANKLIN**
>a.k.a. Gordito,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds that the defendants obtained directly or indirectly as a result of the violations charged in Counts 1 through 6 and 8 through 11 of this Indictment, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1 through 6 and 8 through 11 of this Indictment, including but not limited to the following:

    **A.**    **MONEY JUDGMENT**

A money judgment for each defendant in an amount that represents the proceeds each defendant obtained from Counts 1 through 6 and 8 through 11 of this Indictment.

    **B.**    **SUBSTITUTE ASSETS**

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). In the event

any of the foregoing property:

      a.     cannot be located upon the exercise of due diligence
      b.     has been transferred or sold to, or deposited with, a third party;
      c.     has been placed beyond the jurisdiction of the court;
      d.     has been substantially diminished in value; or
      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendants up to the value of the above-described forfeitable property.

## FORFEITURE ALLEGATION II

The allegations contained in Counts 1, 11, and 12 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Codes, Section 2461(c).

As a result of the commission of the violations charges in Counts 1, 11, and 12 of this Indictment, and upon conviction of these offenses, the defendant,

**ISMAEL ENAMORADO,**

shall forfeit to the United States of America any firearm or ammunition used or involved in the commission of the offenses in Counts 1, 11, and 12 of this Indictment, including, but not limited to:

1. a 9mm CZ pistol, model CZ75 P-09, with serial number B690277, and ammunition, seized by the Drug Enforcement Administration on May 31, 2017.

A TRUE BILL.

Dated:  November 30, 2017             /s/  *Foreperson*
                                             FOREPERSON

THOMAS E. BEALL
United States Attorney
District of Kansas


/s/ *Trent M. Krug*                                     /s/ *David P. Zabel*
By: Trent M. Krug                                       By: David P. Zabel
Assistant United States Attorney        Assistant United States Attorney
500 State Ave., Suite 360                       500 State Ave., Suite 360
Kansas City, KS 66101                           Kansas City, KS 66101
Tel. 913-551-6730                                   Tel. 913-551-6730
Fax 913-551-6541                                   Tel. 913-551-6541
Trent.Krug@usdoj.gov                          David.Zabel@usdoj.gov
Ks. S. Ct. No. 19454                               Ks. S. Ct. No. 17887


(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

**PENALTIES**

**Count 1:**   **21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii); and 18 U.S.C. § 2**
**Conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine**

- NLT 10 years and NMT life imprisonment,
- NMT $10,000,000 fine,
- NLT 5 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

If the defendant has a prior conviction for a felony drug offense:

- NLT 20 years and NMT life imprisonment,
- NMT $20,000,000 fine,
- NLT 10 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

If the defendant has two or more prior convictions for felony drug offenses:

- Life imprisonment,
- NMT $20,000,000 fine,
- $100 special assessment, and
- Forfeiture allegation I.

**Count 1:**   **21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(ii); and 18 U.S.C. § 2**
**Conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine**

- NLT 5 years and NMT 40 years imprisonment,
- NMT $5,000,000 fine,
- NLT 4 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

If the defendant has a prior conviction for a felony drug offense:

- NLT 10 years and NMT life imprisonment,
- NMT $8,000,000 fine,
- NLT 8 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

**Count 1:**   **21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(vii) ; and 18 U.S.C. § 2**

**Conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana**

- NLT 5 years and NMT 40 years imprisonment,
- NMT $5,000,000 fine,
- NLT 4 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

If the defendant has a prior conviction for a felony drug offense:

- NLT 10 years and NMT life imprisonment,
- NMT $8,000,000 fine,
- NLT 8 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

**Counts 2-6 & 10:** 21 U.S.C. § 843(b)
**Unlawful use of a communication facility**

- NMT 4 years imprisonment,
- NMT $250,000 fine,
- NMT 3 years supervised release,
- Forfeiture Allegation I; and
- $100 special assessment fee.

**Counts 7 & 13:** 18 U.S.C. § 1956(a)(2)(A) & 2
**Money Laundering**

- NMT 20 years imprisonment,
- NMT $500,000 fine,
- NMT 3 years supervised release, and
- $100 special assessment fee.

**Counts 8, 9 & 11:** 21 U.S.C. 841(a)(1), (b)(1)(B)(ii); and 18 U.S.C. § 2
**Possession with intent to distribute more than 500 grams of cocaine**

- NLT 5 years and NMT 40 years imprisonment,
- NMT $5,000,000 fine,
- NLT 4 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

If the defendant has a prior conviction for a felony drug offense:

- NLT 10 years and NMT life imprisonment,
- NMT $8,000,000 fine,
- NLT 8 years supervised release,
- $100 special assessment, and
- Forfeiture allegation I.

**Count 12:   18 U.S.C. § 924(c)(1)(A)(i)**
**Possession of a firearm in furtherance of drug trafficking**

- NLT 5 years and NMT life imprisonment consecutive to any other sentence imposed,
- NMT $250,000 fine,
- NMT 5 years supervised release,
- $100 special assessment, and
- Forfeiture allegation II.

In the case of a second or subsequent conviction under this subsection, the penalties are:

- NLT 25 years and NMT life imprisonment consecutive to any other sentence imposed,
- NMT $250,000 fine,
- NMT 5 years supervised release,
- $100 special assessment, and
- Forfeiture allegation II.