IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

MARTIN CASTANEDA-ONTIVEROS,

    **Defendant.**

Case No. 2:17-CR-20074-JAR-4

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Martin Castaneda-Ontiveros' Motion to Sever (Doc. 170-1). Defendant seeks to "sever his trial from the other co-defendants."[1] The Government responded.[2] The Court heard argument on this matter on July 16, 2019 and September 6, 2019, at which time the Court took the Motion under advisement. After consideration of the parties' submissions and arguments at both hearings, the Court is now prepared to rule. For the reasons stated below, the Court **denies** Defendant's Motion.

**I.    Background**

Defendant Martin Castaneda-Ontiveros is charged with multiple offenses related to his alleged involvement in a drug conspiracy lasting from January 2014 to December 2017.[3] Defendant is one of thirteen named defendants listed in the eighteen-count indictment. He is implicated in five of the eighteen counts, including Count One for conspiracy to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The evidence in this case involves 32 court-authorized wire and electronic

---

[1] Doc. 170-1 at 1.

[2] *See* Doc. 187.

[3] Superseding Indictment, Doc. 42 at 2.

intercepts; over 230,000 pages of documents and photographs; and audio and video recordings. Due in part to the volume of discovery, the Court has designated the above-captioned matter as a complex case.[4]

## II. Discussion

Federal Rule of Criminal Procedure 8(b) provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has declared that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."[5] According to the Supreme Court, joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[6]

However, Federal Rule of Criminal Procedure 14(a) recognizes that joinder under Rule 8(b) may cause prejudice to the Government or defendants.[7] Under that rule, if the defendants' joinder in the indictment appears to prejudice a defendant or the Government, the court may sever the defendants' trials or provide any other relief that justice requires. The Supreme Court "believe[s] that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[8] The determination of the risk of prejudice and any remedy that may be necessary is committed to the sound discretion of the court.[9]

---

[4] *See* Doc. 86 (granting parties' joint motion to designate the case as complex).

[5] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[6] *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

[7] *Id.*

[8] *Id.* at 539.

[9] *Id.* at 541.

Defendant moves to sever the trial on multiple grounds. The Government's principal argument against Defendant's Motion is that he has not has not made a sufficient showing of prejudice, and that a separate trial would result in an "inefficient use of judicial resources as the same evidence would be presented to the Court on multiple occasions."[10] The Court agrees.

First, Defendant argues that "discovery in this case is voluminous," including "multiple applications for cell phone monitoring" between 2014 and 2017.[11] He also asserts that holding separate trials would "prevent the scheduling of a mega trial which is expected to last" for a month to a month-and-a-half.[12] He adds that a mega trial would place a heavy demand on this Court, counsel, and jurors. None of these proffered reasons justifies severance. The standard for determining whether to sever a trial focuses on the degree of risk to a defendant's specific trial rights, or the reliability of the jury's verdict.[13] Defendant cites no authority, and the Court has uncovered none, supporting his assertion that the sheer quantity of evidence—without additional information regarding the particular nature of that evidence—is a basis on which a defendant is entitled to a severed trial. Nor does Defendant identify authority supporting his assertion that the estimated length of a trial—in this case, being four-to-six weeks—entitles a defendant to severance.

Defendant next argues that "it is reasonable to expect that antagonistic defenses may be presented by the many defendants facing trial."[14] As the Tenth Circuit has explained, a motion for severance based on conflicting defenses triggers a three-step inquiry on the part of the trial

---

[10] Doc. 186 at 8.
[11] Doc. 170-1 at 4.
[12] *Id.*
[13] FED. R. CRIM. P. 14.
[14] Doc. 170-1 at 5.

court.[15] First, the court must determine whether the defenses presented are "so antagonistic that they are mutually exclusive," so that "the acceptance of one party's defense would tend to preclude the acquittal of the other, or that the guilt of one defendant tends to establish the innocence of the other."[16] Second, "because mutually antagonistic defenses are not prejudicial per se, a defendant must further show a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence."[17] Third, "if the first two factors are met, the court exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration."[18] Here, Defendant has not identified which defenses he anticipates may be antagonistic despite having filed the Motion nearly four months ago and having two separate opportunities to present oral argument on it. Without such identification, the Court cannot grant his motion on this basis.

Defendant also argues that limiting instructions "would likely be futile base on the complexity and quantity of evidence,"[19] and expresses concern that some of the evidence against his codefendants may result in a spillover effect, unfairly prejudicing him. In making these arguments, however, Defendant does not direct the Court's attention to any particular evidence that concerns him. He does not identify any reason—beyond his general assertion that the evidence is complex and voluminous—that limiting instructions to the jury would be ineffective.

---

[15] *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007).

[16] *Id.* (internal quotations omitted). The Tenth Circuit adds that defenses are mutually antagonistic if "the conflict between codefendants' defenses [is] such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id.*

[17] *Id.* (internal quotations and formatting omitted).

[18] *Id.* (internal quotations and formatting omitted).

[19] Doc. 170-1 at 5.

To warrant severance, the defendant must meet the burden of demonstrating real prejudice against him.[20] Real prejudice requires more than merely showing that the defendant's chances of acquittal would be greater in a separate trial.[21] Though the risk of prejudice is heightened when many defendants with "markedly different degrees of culpability" are tried together,[22] a mere "spillover" of negative evidence presented against a co-defendant is insufficient to warrant a severed trial.[23] The Tenth Circuit has developed a "nearly insuperable" rule *against* granting severance because of varying levels of evidence against co-defendants.[24] However, defendants may be entitled to severance if evidence inadmissible against the defendant is presented in a joint trial.[25] A court weighs potential prejudice against the expense and inefficiency of separate trials.[26] District courts can limit the risk of prejudice by taking remedying measures, such as limiting jury instructions.[27]

Here, Defendant has not identified what evidence against his co-defendants would prejudicially "spillover" to him, nor has he identified any evidence that would not be admissible if he were tried separately but would be admissible in the joint trial. Additionally, Defendant does not explain his conclusory assertion that any "effort to apply limiting instructions . . . would likely be futile based on the complexity and quantity of the evidence."[28] Without such

---

[20] *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993).

[21] *Id.*

[22] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

[23] *United States v. Hack*, 782 F.3d 862, 870 (10th Cir. 1986).

[24] *United States v. Wardell*, 591 F.3d 1279, 1300 (10th Cir. 2009).

[25] *Zafiro*, 506 U.S. at 539.

[26] *Id.*

[27] *Id.*

[28] Doc. 170-1 at 5.

specificity, Defendant has not demonstrated that he is entitled to severance under the above-stated standard.

Further, the Court notes that "'[i]n the context of conspiracy, severance will rarely, if ever, be required.'"[29] In a conspiracy case, joint trials "'reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague' and provide 'the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'"[30] Because this case includes conspiracy charges against Defendant, the Court finds yet another reason that severance should not be granted.

## III. Conclusion

Because Defendant has not met his burden to demonstrate that he will be prejudiced by a joint trial, the Court denies Defendant's Motion to Sever.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Martin Castaneda-Ontiveros' Motion to Sever (Doc. 170) is **denied**.

**IT IS SO ORDERED.**

Dated: September 17, 2019

    s/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[29] *United States v. Ramoz*, 839 F. Supp. 781, 785 (D. Kan. 1993) (quoting *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993)).

[30] *Id.* (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987)).